UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT E. MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04602-JPH-TAB |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING MOTION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Robert E. Murphy filed a petition for writ of habeas corpus challenging his 2009 Indiana state court convictions for criminal confinement, robbery, and criminal deviate conduct. This Court denied the petition, concluding that Mr. Murphy's speedy trial claim is procedurally defaulted and that his ineffective assistance of counsel claim is barred by 28 U.S.C. § 2254(d). Mr. Murphy has now moved for a certificate of appealability and for leave to proceed on appeal *in forma pauperis*.

### I.   Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the

1

underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists would agree that Mr. Murphy's speedy trial claim is procedurally defaulted and that his ineffective assistance of counsel claim is barred by 28 U.S.C. § 2254(d) or otherwise without merit, his motion for certificate of appealability, dkt. [23], is **DENIED**.

## II.     Leave to Proceed on Appeal *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) ("bad faith" is understood to mean objective frivolousness). Mr. Murphy cannot reasonably argue that the denial of his habeas petition was erroneous. In pursuing an appeal, therefore, he "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). His motion for leave to proceed on appeal *in forma pauperis*, dkt. [27], is **DENIED**.

**SO ORDERED.**

Date: 10/27/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT E. MURPHY
117550
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov